UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19 CR 526 HEA ) |
| PATRICK K. ESTES, | ) ) ) |
| Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant PATRICK K. ESTES, represented by defense counsel Nanci H. McCarthy, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count II of the Indictment, the Government agrees to dismiss Counts I and III of the Indictment and further agrees that no further federal prosecution will be brought in this District relative to the Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

1

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. The parties further agree to jointly request a sentence of one hundred and eighty (180) months followed by a period of lifetime supervised release. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document or the recommendation of the parties.

The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: an LG Cellular Telephone and an LG Tablet Model No. LG-LK460. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3. **ELEMENTS:**

As to Count II, the Defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(3)(B)(ii), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of Certain Activities Relating to Material Constituting or Containing Child Pornography, which he admits to knowingly committing and for which he admits there is a factual basis, are: (1) defendant knowingly solicited material containing a visual depiction of child pornography, (2) which was a visual depiction of an actual minor engaging in sexually explicit conduct, (3) in a manner that reflected the belief or was intended to cause another to believe that the material solicited contained visual depictions of an actual minor engaging in sexually explicit conduct, and (4) the solicitation used any means or facility of interstate or foreign commerce or was in or affecting interstate or foreign commerce, including by computer.

4.     **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On June 23, 2018, in the area of Interstate 270 north of Dorsett Road, the defendant was found to be in the company of a 14 year old boy, J.W., at just after 4 a.m. following a motor vehicle accident involving the Defendant's vehicle and another vehicle. J.W. was not a relative of the defendant. The defendant was a registered sex offender for sex crime convictions involving multiple victims who were minor boys close in age to J.W. This information as well as information from a Crawford County Sheriff's Office inquiry related to the Defendant's internet communication with C. (last name unknown), a 13-year old boy from Leasburg, Missouri, also not a relative of the defendant's, was communicated to the Franklin County Sheriff's Office. The defendant is a resident of Franklin County. During an interview with a Franklin County detective, the defendant admitted to online communications with two additional underage boys, T.N. and D.B. who were 17 and 15 years old, respectively. The defendant consented to a search of his Facebook account, however he did not give the detective the correct password. The Defendant also consented to a search of his cell phone.

The forensic analysis of the Defendant's cell phone recovered sexual explicit Facebook communications between the defendant and D.W., a 16-year old male. During these communications, the Defendant asks D.W. to "Hey come over to my house today." In other communications, the defendant texts D.W. "U need to come over $$," to which D.W. responds that he cannot come over because he does not have a ride and his parents would ask why. The defendant responds, "Ok, sorry. $$.$$," and "I wish you could come over right now it would be

3

fun." The defendant asks for and receives D.W.'s birthday date. The defendant goes on to text D.W. that "... I want you now...," and asks again for D.W. to come over. The defendant further asks D.W. to "Send me a video of you playing with yourself." The defendant sends D.W. a picture of an adult male's penis and buttocks. D.W. responds "Mmm daddy I wanna ride that and daddy In (sic) not going to tell anyone about this." The defendant responds, "Cool and keep it that way please." The defendant further asks to see D.W. in girl clothes and there are discussions about the manner of sexual contact between the defendant and D.W. After such communication, the defendant tells D.W. "well beings you're not coming over I got to go to bed and get then I got to get ready for work later." On a different date, the defendant asks D.W. how he is doing in school and asks D.W. to come to his house.

After the forensic analysis of the Defendant's digital communications, the Defendant agreed to meet with the Franklin County Sheriff's Officer Detective once again. During that interview, the Defendant admitted to communicating with D.W. and knowing D.W. was 16. The Defendant admitted that he sent D.W. a picture of his buttocks and his penis. The Defendant agreed with the detective that it appeared that he was trying to meet up with underage boys for sex. The defendant claimed that he was only going to pretend to pay D.W. to get D.W. to come to his house so that the Defendant could explain to D.W. the dangers of meeting someone on the internet. The Defendant was between 56-57 years old during the time of the above-referenced communications with D.W.

At all times during his communications with D.W., the Defendant was a registered sex offender having been convicted on or about May 17, 1990, in St. Charles County, Missouri, for crimes of sodomy and deviate sexual assault against victims who were 13 and 15-year old boys, occurring on or about February 8-23, 1990.

4

The Internet was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files. The Internet is a means and facility of interstate and foreign commerce.

5. **STATUTORY PENALTIES:**

As to Count II, the defendant fully understands that the maximum possible penalty provided by law for the crime of Certain Activities Relating to Material Constituting or Containing Child Pornography to which the defendant is pleading guilty is imprisonment of not less than fifteen (15) years and more than forty (40) years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not less than five (5) years and not more than life.

6. **U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

    a. **Chapter 2 Offense Conduct:**

    (1) **Base Offense Level:** The parties agree that the base offense level is 22, as found in Section 2G2.2(a)(2).

    (2) **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

    (a) Two (2) levels should be <u>subtracted</u> pursuant to § 2G2.2(b)(1), because defendant's conducted was limited to the solicitation of

5

      child pornography and did not intend to traffic in child pornography; and

  (d) Two (2) levels should be added pursuant to §2G2.2(b)(6), because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with the intent to view the material.

**b.**   **Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2)**   **Chapter 4 Adjustments:**

**(1) Repeat and dangerous Sex Offender Against Minors:** The parties agree that per Section 4B1.5, the offense level is 34.

6

    **c.**    **Estimated Total Offense Level:** The parties agree that the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 2G2.2 and 4B1.5, along with other relevant factors stated above.

    **d.**    **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

    **e.**    **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**    **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a.**    **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

    **(1)**    **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

7

  **(2)** **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History. Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the Defendant to a period of imprisonment of at least one hundred and eighty (180) months.

 **b.** **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

 **c.** **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.** **OTHER:**

 **a.** **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

c. **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished. If, while on supervised release for this case, the defendant commits a new criminal offense under Chapters 109A, 110 or 117, or Title 18, United States Code, Sections 1201

9

or 1591, for which imprisonment for a term longer than one year can be imposed, the defendant shall be sentenced on the supervised release revocation to not less than five years and up to the maximum term of life imprisonment.

d. **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before October 1, 2019, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 110 relating to sexual exploitation and other abuse of children, including, but not limited to 18 U.S.C. § 2252A (solicitation, transportation, distribution, receipt, possession, or access with the intent to view child pornography). The assessment imposed under 18 U.S.C. § 3014 is in addition to the mandatory special assessment imposed under 18 U.S.C. § 3013.

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other criminal penalty, restitution or assessment authorized by law, the Court shall impose an assessment for each count of not more than thirty-five thousand dollars ($35,000.00).

e. **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

  **f.**   **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2259. Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

  **g.**   **Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**9.**   **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

  In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right

to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10.  **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11.  **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

13

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

9/14/21
Date

*Jillian S. Anderson*
JILLIAN S. ANDERSON #53918MO
Assistant United States Attorney

9/14/21
Date

*Patrick Estes*
PATRICK K. ESTES
Defendant

9-14-21
Date

*Nanci H. McCarthy*
NANCI H. MCCARTHY
Attorney for Defendant